IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

KATHRYN M. CRANDALL,

      Plaintiff,

    vs.                                                          2:23-cv-00084-MIS-LF

KILOLO KIJAKAZI, Commissioner,
Social Security Administration,

      Defendant.

## PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

THIS MATTER comes before the Court *sua sponte*. Plaintiff Kathryn M. Crandall filed this action pursuant to 42 U.S.C. § 405(g) seeking to appeal the final decision of the defendant Commissioner denying her application for disability benefits. Doc. 1. The Honorable Margaret I. Strickland referred this case to me "to conduct hearings, if warranted, including evidentiary hearings, and to perform any legal analysis required to recommend to the Court an ultimate disposition of the case." Doc. 7. Ms. Crandall failed to submit her opening brief, and the time to do so has now passed. I therefore recommend that the Court dismiss this case.

### I. Background Facts

Ms. Crandall initiated a complaint against the Social Security Administration on January 30, 2023. Doc. 1. Pursuant to the supplemental rules for Social Security cases, Ms. Crandall's opening brief was due 30 days after the administrative record was filed. *See* Doc. 3. The administrative record was filed on March 28, 2023. Doc. 10. Ms. Crandall had through April 3, 2023, to file her opening brief. Ms. Crandall failed to file an opening brief. Three months later, on July 11, 2023, Ms. Crandall filed an unopposed motion to extend the time to file an opening brief through August 1, 2023. Doc. 12. The Court granted that motion. Doc. 13. When Ms.

Crandall failed to file her opening brief on August 1, 2023, the Court issued an order to show cause.  Doc. 14.  On August 10, 2023, Ms. Crandall's counsel, Feliz MariSol Martone, responded to the order to show cause explaining that she had to reduce her staff, and she was handling the administrative tasks of three people.  Doc. 15 at 1.  Ms. Martone further explained that she had been diagnosed with a medical condition that caused fatigue and memory loss, for which she was receiving treatment.  *Id*.  Ms. Martone stated that if the Court found good cause, she would submit a request for an extension with the understanding that no further extensions will be granted.  *Id*. at 2.  Finding that Ms. Martone had explained why she had failed to file the opening brief to the Court's satisfaction, the Court quashed the order to show cause and granted Ms. Crandall through August 25, 2023, to file an opening brief.  Doc. 16.  The Court specifically stated that "[n]o further extensions will be allowed."  *Id*.  Ms. Crandall did not file an opening brief by August 25, 2023.

## II.   Legal Standards

Under Federal Rule of Civil Procedure 41(b), the Court may dismiss an action, *sua sponte*, if "the plaintiff fails to prosecute or to comply with . . . a court order."  FED. R. CIV. P. 41(b); *see also Olsen v. Mapes*, 333 F.3d 1199, 1204 n.3 (10th Cir. 2003) (holding that despite Rule 41(b)'s reference to a defendant's motion, "the Rule has long been interpreted to permit courts to dismiss actions *sua sponte* for a plaintiff's failure to prosecute or comply with the rules of civil procedure or court's orders").  "The 'authority of a court to dismiss *sua sponte* for lack of prosecution has generally been considered an inherent power, governed . . . by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases.'"  *U.S. ex rel. Jimenez v. Health Net, Inc*., 400 F.3d 853, 855 (10th Cir. 2005).  "The federal courts are not a playground for the petulant or absent-minded; our

rules and orders exist, in part, to ensure that the administration of justice occurs in a manner that most efficiently utilizes limited judicial resources." *Id.* at 856.

While a court should impose "dismissal for failure to prosecute . . . only after careful exercise of judicial discretion," "dismissal is an appropriate disposition against a party who disregards court orders and fails to proceed as required by court rules." *Id*. at 855.  However, because dismissal with prejudice is an "extreme sanction," appropriate only in cases of willful misconduct, the court must consider: (1) "the degree of actual prejudice" to defendants; (2) "the amount of interference with the judicial process"; (3) Plaintiff's "culpability"; (4) "whether the court warned [Plaintiff] in advance that dismissal of the action would be a likely sanction for noncompliance"; and (5) if "lesser sanctions" would be more effective. *Ehrenhaus v. Reynolds*, 965 F.2d 916, 921 (10th Cir. 1992) (quotations omitted); *see also Gripe v. City of Enid*, 312 F.3d 1184, 1188 (10th Cir. 2002) (holding that when a court dismisses a complaint with prejudice under Rule 41(b), it should consider the "'Ehrenhaus criteria'") (quoting *Mobley v. McCormick*, 40 F.3d 337, 340–41 (10th Cir. 1997)).  "The factors do not create a rigid test but are simply criteria for the court to consider." *Gripe*, 312 F.3d at 1188 (citing *Ehrenhaus*, 965 F.2d at 921).

**III.    Analysis**

In this case, Ms. Crandall, through her counsel, has failed to prosecute her case.  First, she failed to file her initial opening brief by April 3, 2023.  After receiving a generous extension of time, she failed to file her opening brief by the extended deadline of August 1, 2023.  Finally, she failed to file her opening brief after a second extended deadline of August 25, 2023.  Ms. Crandall's failure to file an opening brief has not caused a high degree of prejudice to defendant.  Although defendant has expended time and money to file the administrative record and an unopposed motion to seal the record, *see* Docs. 8, 9, the Commissioner has not expended an inordinate amount of time dealing with this case.  Ms. Crandall's lack of participation, however, does interfere with the judicial process.  The case has been

stymied by Mr. Crandall's failure to file an opening brief. The case cannot move forward without her first identifying the issues on appeal and her arguments in favor of remand. Ms. Crandall and her counsel are culpable for this failure to prosecute. Ms. Crandall's attorney informed the Court that she was having difficulty with medical issues and administrative staff. She also indicated, however, that those issues were resolved and that she understood that no further extensions would be allowed. Finally, Ms. Crandall and her attorney were warned in the order to show cause that sanctions—including dismissal—could be imposed. Doc. 14. Despite this warning, Ms. Crandall has failed to file her opening brief, indicating that lesser sanctions would not be effective.

Because the *Ehrenhaus* factors weigh in favor of dismissal, I recommend that plaintiff Kathryn M. Crandall's complaint be dismissed with prejudice.

**THE PARTIES ARE FURTHER NOTIFIED THAT WITHIN 14 DAYS OF SERVICE of a copy of these Proposed Findings and Recommended Disposition they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636(b)(1). Written objections must be both timely and specific.** *United States v. One Parcel of Real Prop., With Buildings, Appurtenances, Improvements, & Contents, Known as: 2121 E. 30th St., Tulsa, Oklahoma*, **73 F.3d 1057, 1060 (10th Cir. 1996). A party must file any objections with the Clerk of the District Court within the fourteen-day period if that party wants to have appellate review of the proposed findings and recommended disposition. Failure to file timely and specific objections will result in waiver of** *de novo* **review by a district or appellate court.** *Id*. **In other words, if no objections are filed, no appellate review will be allowed.**

_____
Laura Fashing
United States Magistrate Judge